**In re Daniel H. OVERMYER, a/k/a D.H. Overmyer, Dan Overmyer and Daniel Overmyer, Debtor.**

**No. 82 B 20329.**

United States Bankruptcy Court,
S.D. New York.

Nov. 30, 1982.

See also, Bkrtcy., 24 B.R. 437.

Harvey S. Barr, trustee, Spring Valley, N.Y.

Reich & Reich, White Plains, N.Y., for debtor.

## DECISION ON DEBTOR'S OBJECTION TO TRUSTEE'S EXTENSION OF TIME FOR CREDITORS TO FILE NONDISCHARGEABILITY COMPLAINTS.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor in this Chapter 7 case objects to the standing of the trustee in bankruptcy to ask for an extension of the time for creditors to object under 11 U.S.C. § 523 to the dischargeability of any debts due them by the debtor. He does not dispute the trustee's authority to obtain an extension of time to object to the debtor's discharge under 11 U.S.C. § 727.

On May 28, 1982, the debtor filed with this court a voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978. Thereafter, an interim trustee was appointed by the United States Trustee pursuant to 11 U.S.C. § 15701. By notice dated June 30, 1982, the court advised the scheduled creditors of this estate that pursuant to 11 U.S.C. § 341(a) a meeting of creditors would be held at the Courthouse on July 20, 1982. The court fixed September 3, 1982 as the last day for the filing of objections to the discharge of the debtors, under 11 U.S.C. § 727(a), and the filing of complaints to determine the dischargeability of debts, pursuant to 11 U.S.C. § 523(a).

On August 30, 1982, the trustee submitted a written *ex parte* application to the court for an order extending the time to November 1, 1982 to object to the debtor's discharge and to the dischargeability of any debt. The trustee gave as his reason for the requested extension that he required additional time to obtain information concerning the debtor's financial affairs and that he believed that grounds might exist for objecting to the debtor's discharge. The creditors' meeting pursuant to 11 U.S.C. § 341(a) had been continued and the debtor's examination was in progress; additional documentation was sought by the trustee and the creditors. The trustee's application was granted by the court, pursuant to an order which the trustee submitted that reads in pertinent part as follows:

"ORDERED, that pursuant to Rule 4002 of the Interim Bankruptcy Rules for the Southern District of New York (the 'Local Rules') and Rule 404(c) of the Rules of Bankruptcy Procedure the time for the trustee to object to the discharge of the debtors be, and it hereby is, extended to and including November 1, 1982; and it is further

ORDERED, that pursuant to Rule 4003 of the Interim Bankruptcy Rules and Rule 409(a)(2) of the Rules of Bankruptcy Procedure, the time for HARVEY S. BARR to object to the dischargeability of any debt due by the debtors be, and the same hereby is, extended to and including November 1, 1982 and a copy of this Order shall immediately be served upon the debtor per Rule 704."

Thereafter, the trustee sought a second *ex parte* extension of time in an application dated October 6, 1982, wherein substantially the same reasons were given. The court signed an order dated October 12, 1982, which the trustee submitted in accordance with the requested extension for an additional sixty days. The operative portions of the order provide:

"ORDERED, that pursuant to Rule 4002 of the Interim Bankruptcy Rules for the Southern District of New York (the 'Local Rules') and Rule 404(c) of the Rules of Bankruptcy Procedure, the time for the trustee to object to the discharge of the debtors be, and it hereby is, ex-

tended to and including January 1, 1983; and it is further

ORDERED, that pursuant to Rule 4003 of the Interim Bankruptcy Rules and Rule 409(a)(2) of the Rules of Bankruptcy Procedure, the time for HARVEY S. BARR to object to the dischargeability of any debt due by the debtors be, and the same hereby is, extended to and including January 1, 1983 and a copy of this Order shall immediately be served upon the debtor per Rule 704."

The attorneys for the debtor have now applied to this court for an order expunging those portions of the two extension orders that relate to the dischargeability of debts because they argue that the trustee is not a creditor to whom the debtor owes any debt. Moreover, they contend that the trustee is not authorized to ask for an extension of time for creditors to object to the dischargeability of their claims against the debtor.

### THE TRUSTEE'S INTEREST

The nine categories of debts that are not discharged in bankruptcy are listed in 11 U.S.C. § 523(a). Unlike objections to a general discharge, where either the trustee or a creditor may file an objection according to 11 U.S.C. § 727(c)(1), only a "creditor to whom such debt is owed", as stated in 11 U.S.C. § 523(c), may object to the dischargeability of certain debts grounded on fraud and tortious conduct proscribed under paragraphs (2), (4), or (6) of 11 U.S.C. § 523(a). If a creditor who is owed a debt that may be nondischargeable under paragraphs (2) (false pretenses or statements), (4) (fiduciary fraud, embezzlement or larceny), or (6) (willful and malicious injury), does not act in timely fashion as required under 11 U.S.C. § 523(c), the debt will be discharged.

Although only creditors are authorized under paragraphs (2), (4), or (6) of 11 U.S.C. § 523(a) to object to the dischargeability of debts described in these paragraphs, they are not the only parties who might seek a determination of dischargeability under the other six paragraphs in 11 U.S.C. § 523;

the debtor may also apply to the court for a determination as to the dischargeability of a specific debt. The persons who are entitled to file complaints to determine dischargeability of debts are described in Bankruptcy Rule 409(a) as follows:

"(a) Proceeding to Determine Dischargeability.

(1) Persons Entitled to File Complaint; Time for Filing in Ordinary Case. A bankrupt or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt.

Similarly, Rule 4007(a) of the Proposed New Bankruptcy Rules will continue this procedure by providing:

"Rule 4007. Determination of Dischargeability of a Debt.

(a) PERSONS ENTITLED TO FILE COMPLAINT. A debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt."

■ Although a trustee may at times stand in the shoes of hypothetical lien creditors under 11 U.S.C. § 544(a), or existing unsecured creditors under 11 U.S.C. § 544(b) and may exercise certain avoiding powers under §§ 545 through 549 of the Bankruptcy Code, the trustee is, nevertheless, not a creditor. A "creditor" is defined under 11 U.S.C. § 101(9) to include only holders of prepetition claims against the debtor; thereby excluding the trustee from this definition. Hence, the trustee is not a proper party to file a complaint seeking a determination under 11 U.S.C. § 523(a) as to the dischargeability of the debtor's debts because the trustee, by definition, does not hold any prepetition claims against the debtor.

It must be determined, however, whether or not the trustee may act on behalf of the debtor's creditors for the purpose of obtaining an extension of time for such creditors to file their own complaints objecting to the dischargeability of debts delineated under 11 U.S.C. § 523(a).

When it comes to extending the time for the debtors and creditors to seek determina-

tions as to the dischargeability of debts, the words "debtor" and "creditor" are not found in the statute. Instead Bankruptcy Rule 409(a)(2) employs the phrase "any party in interest" and says:

> "The court may for cause on its own initiative or on application of any *party in interest,* extend the time fixed under this paragraph." [Emphasis added]

Rule 4007(d) of the Proposed New Bankruptcy Rules also uses the term "party in interest", although *ex parte* extensions are not authorized; a hearing on notice will be required by the following language:

> "On motion of *any party in interest* after *hearing on notice* the court may for cause extend the time fixed under this subdivision." [Emphasis added]

The term "party in interest" is not defined in Chapter 7 of the Bankruptcy Code. It is used in Chapter 11, in § 1109(b) in describing who may appear and be heard, and in § 1121(c) as to who may file a plan. In both sections, "a party in interest" is defined to include:

> "... the debtor, *the trustee* a creditors' committee, an equity security holders' committee, a creditor, an equity security holder or an indenture trustee ...." [Emphasis added]

However, it is clear that the trustee is included as a party in interest in §§ 1109(b) and 1121(c) in the context of a Chapter 11 reorganization case and not for purposes of liquidation under Chapter 7. Indeed, 11 U.S.C. § 103(f) expressly limits the application of subchapters I, II and III of Chapter 11 only to cases under Chapter 11. Section 1109(b) is in subchapter I and § 1121(c) is in subchapter II of Chapter 11.

It was previously held in this case that a corporation that owned all of the stock of another company was a "party in interest" for the purpose of obtaining an extension of time for the owned company to file a complaint under 11 U.S.C. § 523(a), although only the latter company was the proper party to file such complaint, since the debt was owed to the owned company. *In re Overmyer,* 24 B.R. 437 (Bkrtcy.1982). This ruling was premised on the fact that the 100 percent shareholder corporation and the owned company share a common economic interest in the latter's claim against the debtor. A recovery by the owned company would redound to the benefit of the shareholder corporation to the extent that the owned company was an asset of the shareholder corporation. Thus, the shareholder corporation had a sufficient vicarious interest in the owned company's claim against the debtor as to be regarded as a "party in interest" who might obtain an extension of time to file a complaint under 11 U.S.C. § 523(a).

On the contrary, the trustee in bankruptcy has no economic interest in obtaining an extension of time for creditors to pursue the nondischargeability of their claims. The trustee acts for all the creditors so as to maximize the distribution from the estate. The trustee distributes the property of the estate in accordance with the formula prescribed under 11 U.S.C. § 726. A nondischargeable debt is not satisfied from the estate to the detriment of the other creditors. A creditor holding a nondischargeable debt must look to the debtor's post-petition assets, which are of no interest to the trustee in bankruptcy.

The trustee in bankruptcy has certain specific duties, as enumerated in 11 U.S.C. § 704 and Bankruptcy Rule 402, which the trustee is obligated to perform, including opposing the debtor's discharge if advisable, for the benefit of all the creditors of the estate. The trustee's failure to discharge his fiduciary responsibilities in a competent and professional manner could have serious consequences. It would, therefore, be an unwarranted and unauthorized burden upon the trustee to impose an additional requirement that the trustee should be concerned with investigating each creditor's claim against a debtor so as to ascertain whether or not such debt might be determined to be nondischargeable, and seeking an extension of time when necessary for the creditor to file a complaint to establish nondischargeability. Manifestly, the trustee is not responsible for this phase of the creditors' involvement with the estate; each creditor must pursue nondischargeability of its debts independently of

the performance by the trustee of the duties described in 11 U.S.C. § 704 and Bankruptcy Rule 402. Having no responsibility for ascertaining whether or not any creditor's claim might be nondischargeable, it follows that the trustee is not required to further the interests of any such creditor within the context of nondischargeability. No creditor may fault a trustee in bankruptcy for not having obtained an order extending such creditor's time to object to the nondischargeability of the debt in question; this is the creditor's responsibility and not the trustee's duty. Thus, not having any fiduciary duty to obtain such an extension of time, it must be concluded, conversely, that the trustee in bankruptcy is not a "party in interest" for the purpose of applying for the extension of time on behalf of creditors of the estate to file complaints to determine the dischargeability of their debts.

The debtor is therefore entitled to an order expunging those portions of the two extension orders obtained by the trustee that relate to the extension of time granted to him to object to the dischargeability of any debts under 11 U.S.C. § 523(a).

SUBMIT ORDER ON NOTICE.