In re Lawrence B. LAGROTTERIA,
Debtor.

Elizabeth A. VACCARIELLO, Plaintiff,

v.

Lawrence B. LAGROTTERIA.

Bankruptcy No. 83 B 13253.
Adv. No. 84 A 0389.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 21, 1984.

Norman B. Newman and Joseph E. Coughlin, Lord, Bissell & Brook, Chicago, Ill., for debtor-defendant Lagrotteria.

Carmen Fosco, Burke & Smith, Chtd., Chicago, Ill., for plaintiff Elizabeth A. Vaccariello.

## MEMORANDUM OPINION AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

### I.

This action comes on a motion by Dr. Lawrence B. Lagrotteria (hereinafter "debtor") to dismiss the complaint of Elizabeth A. Vaccariello and the class of plaintiffs which she represents (hereinafter "plaintiffs"). The plaintiffs seek a determination that their claims against the debtor are nondischargeable pursuant to Section 523 of the Bankruptcy Code. 11 U.S.C. § 523 (Supp. V 1981). The debtor requests dismissal of the dischargeability complaint of the plaintiffs because it was untimely filed pursuant to Bankruptcy Rule 4007(c).

### II.

On October 27, 1983, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Prior to the filing of the petition, the debtor had been named as a defendant in a district court action captioned *Vaccariello v. Financial Partners Brokerage, Ltd. et al.*, No. 82 C 5910. In the district court action, the plaintiffs alleged that the debtor made material misrepresentations to the plaintiffs which caused the plaintiffs to entrust their monies to Financial Partners Brokerage, Ltd. and other related companies. Ultimately, monies of the plaintiffs were lost through commodities futures speculation.

On November 4, 1983, the bankruptcy court entered an order fixing January 4, 1984, as the last date for filing complaints to determine the dischargeability of debt. Thereafter, the initial interim trustee resigned and a second interim trustee was appointed. Due to the appointment of the second interim trustee, the court on December 1, 1983, entered an order extending the times for filing objections to discharge and for filing complaints to determine dischargeability of certain debts. The December 1, 1983 order provided:

1. February 15, 1984 is fixed as the last date for filing of objections to the discharge of the debtor. Pursuant to 11 U.S.C. § 727.
2. February 15, 1984, is fixed as the last date for filing of a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c).

On February 14, 1984, the trustee filed a motion for entry of an order extending the last date in which objections to discharge may be filed to March 30, 1984. The petition provided in relevant part:

WHEREFORE, the trustee prays for the entry of an Order extending the last day within which creditors may file *objections to discharge* in these proceedings from February 15, 1984, to and including March 30, 1984, and for such other and further Order as the Court shall seem meet. (Emphasis supplied).

Also, on February 14, 1984, the petition was granted and an Order was entered by this court extending the "time for filing objections to discharge to 3/30/84." On March 30, 1984, counsel for the plaintiffs filed a complaint to determine the dischargeability of the debt owed to the plaintiffs. Shortly thereafter, the debtor filed a motion to dismiss the complaint of the plaintiffs.

The plaintiffs claim that the motion of the trustee which extended the time in which to file objections to discharge also extended the time in which to file objections to the dischargeability of particular debts. In the alternative, the plaintiffs argue that regardless of whether the motion of the trustee extended the time in which to file a dischargeability complaint, the court may now extend the time in which to file a dischargeability complaint pursuant to Bankruptcy Rule 9006(b)(1). In contrast, the debtor contends that the motion of the trustee did not seek an extension of time in which to file a dischargeability complaint. The debtor also claims that the Chapter 7 trustee does not have standing under Bankruptcy Rule 4007 to obtain an extension of time in which to file a complaint to determine the dischargeability of

a debt. Finally, the debtor asserts that the discretion of the court to allow the untimely complaint of the plaintiffs is limited by Bankruptcy Rule 9006(b)(3).

### III.

This court must determine whether a Chapter 7 trustee may extend the time for filing complaints to determine the dischargeability of particular debts. A threshold question, however, is whether a Chapter 7 trustee can object to the dischargeability of a particular debt pursuant to Section 523 of the Bankruptcy Code. This court finds as persuasive the rationale in *In Re Overmyer*, 26 B.R. 755 (Bankr.S. D.N.Y.1982).

■ Section 523(c) states that only a creditor to whom such debt is owed may object to the dischargeability of its particular debt upon sections 523(a)(2), (4) or (6). Failure to object to dischargeability in a timely fashion will result in a discharge of the particular debt. While only creditors are authorized to object to the dischargeability of a particular debt under sections 523(a)(2), (4) or (6), Bankruptcy Rule 4007(a) directs that a debtor may also seek determination of dischargeability of a particular debt. Rule 4007(a) provides:

(a) Persons entitled to file complaint. A *debtor or any creditor* may file a complaint with the court to obtain a determination of the dischargeability of any debt. (emphasis supplied).

Section 101(9) of the Bankruptcy Code defines a "creditor" as one who holds a prepetition claim against the debtor. Since a trustee does not hold any prepetition claims against the debtor, a trustee is not a creditor. Therefore, the trustee is not a proper party to seek a determination of the dischargeability of a debt under section 523(a).

■ However, this court must determine whether the trustee may act on behalf of the creditors to obtain an extension of time in which creditors may file dischargeability complaints. Bankruptcy Rule 4007(c) governs the time for filing

dischargeability complaints. Rule 4007(c) provides in relevant part:

On motion of *any party in interest*, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (emphasis supplied).

The phrase "party in interest" is not defined in Chapter 7 of the Bankruptcy Code. However, the phrase as used in sections 1109(b) and 1121(c) of the Bankruptcy Code is defined in Chapter 11 to include:

[T]he debtor, the trustee, a creditor's committee, an equity security holder's committee, a creditor, an equity security holder or an indenture trustee....

This definition indicates that the trustee is included as a "party in interest" in the context of a reorganization under Chapter 11, but not for liquidation purposes under Chapter 7. Furthermore, sections 1109(b) and 1121(c) of subchapter II of Chapter 11 are limited to cases under Chapter 11. Moreover, a creditor holding a nondischargeable debt must seek satisfaction from the debtor's post-petition assets, which are of no interest to the trustee in bankruptcy. *In Re Overmyer*, 26 B.R. at 758. As a result, a Chapter 7 trustee has no economic interest in obtaining an extension of time for creditors to file dischargeability complaints. Therefore, a Chapter 7 trustee is not a "party in interest" under Bankruptcy Rule 4007(c).

■ Nevertheless, the plaintiffs contend that from an administrative viewpoint, the trustee should be a "party in interest" for obtaining an extension of time in which creditors may file dischargeability complaints. The plaintiffs allege that allowing the trustee to obtain extensions of time in which to file dischargeability complaints would lessen the administrative burden upon the court. However, requiring the trustee to investigate the claims of each creditor to determine the dischargeable nature of the claims "would be an unwarranted and unauthorized burden upon the trustee." *In Re Overmyer*, 26 B.R. at 758. Each creditor must bear the burden of as-

sessing the dischargeability of its claim against the debtor and obtaining an extension of time where necessary. In sum, a Chapter 7 trustee is not a "party in interest" under Bankruptcy Rule 4007(c). Thus, the February 15th motion of the trustee to extend the time in which to file objections to discharge did not result in an extension of time in which to file dischargeability complaints.

While this court recognizes that the plaintiffs are parties in interest under Rule 4007(c), this court may not now extend the time fixed for filing dischargeability complaints. Bankruptcy Rule 4007(c) requires that any motion to extend the time must "be made before the time has expired." Regardless of this fact, the plaintiffs argue under Bankruptcy Rule 9006(b)(1) that the "court may for cause shown .... on motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect." Contending that its failure to file a timely dischargeability complaint was the result of excusable neglect, the plaintiffs now ask this court to permit the plaintiffs to file a late dischargeability complaint.

■■■■ This court may have granted the motion of the plaintiffs under former Bankruptcy Rules 409(a)(2)[1] and 906(b)(2).[2] However, the new Bankruptcy Rules 4007(c) and 9006(b)(3) limit the discretion of

the court to enlarge the time to filing a dischargeability complaint. *In Re Figueroa,* 33 B.R. 298 (Bankr.S.D.N.Y.1983). Rule 9006(b)(3) provides:

> (3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), *4007(c)* and 8002 *only to the extent and under the conditions stated ·in those rules.* (emphasis supplied).

As previously noted, Rule 4007(c) requires that a motion to extend the time in which to file a dischargeability complaint must be made before the time has expired. Therefore, under Rules 4007(c) and 9006(b)(3) a motion to extend the time must be brought before the time originally set has expired. The Advisory Committee's Note for Rule 9006 provides in relevant part:

> Unless a rule which contains a specific authorization to extend time is listed in paragraph (3) of this subdivision, an extension of time may be granted under paragraph (1). *If a rule is included in paragraph (3) an extension may not be granted under paragraph (1).* (Emphasis supplied).

The Advisory Committee's Note indicates that a Bankruptcy Court may no longer exercise its discretion under the excusable neglect doctrine to enlarge the time for taking action under Rule 4007(c) beyond the conditions stated in that rule.

1. Rule 409(a)(2) reads as follows:

(2) Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed. This court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, *on its own initiative or on application of any party in interest,* extend the time fixed under this paragraph.

(Emphasis supplied). The Advisory Committee Note to Rule 409 states that when the court extends the time as provided in paragraph (2) it shall use the procedures provided therein and in Rule 906(b).

2. Rule 906(b) reads, in pertinent part, as follows:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect:* ... (Emphasis supplied).

"It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim."

*In Re Figueroa,* 33 B.R. at 300. In the instant case, February 15, 1984, was set for the filing of dischargeability complaints. On March 30, 1984, the plaintiffs asked that this court extend the time in which to file dischargeability complaints. Bankruptcy Rule 9006(b)(3), however, allows extensions of time only to the extent and under the conditions in Rule 4007. Bankruptcy Rule 4007(c) requires that a motion to extend the time in which to file dischargeability complaints must be made before the time has expired. Since the motion of the plaintiffs to extend the time was brought after the expiration of the time set, this court may not now extend the time in which to file a dischargeability complaint.

In conclusion, a Chapter 7 trustee is not "a party in interest" under Rule 4007(c). As a result, the motion of the Chapter 7 trustee to extend the time in which to file objections to discharge did not result in an extension of time in which plaintiffs might file a dischargeability complaint. Moreover, Bankruptcy Rule 9006(b)(3) limits the enlargement of time for taking action under Rule 4007(c) only to the extent and under the conditions stated in Rule 4007(c). Rule 4007(c) requires that a motion to extend the time must be presented prior to the expiration of the time set. Accordingly, the motion of the debtor to dismiss the untimely complaint of the plaintiffs is granted. Counsel for the debtor is to furnish a draft order in accordance with this opinion within five (5) days.