**In the Matter of Dorothy E. MARTIN, Debtor.**

**Vivian A. HOUGHTON, Trustee, Plaintiff,**

v.

**Carl P. HOVATTER, Defendant.**

**Bankruptcy No. 84–399.**
**Adv. No. 85–70.**

United States Bankruptcy Court, D. Delaware.

Aug. 4, 1986.

Vivian A. Houghton, Wilmington, Del., trustee of the Estate of Dorothy E. Martin.

Benjamin F. Shaw, III, Georgetown, Del., for Carl P. Hovatter.

MEMORANDUM OPINION
AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The Trustee of the bankruptcy estate of Dorothy E. Martin filed a complaint against

Carl P. Hovatter. Ms. Martin and Mr. Hovatter were formerly married. Before their separation and divorce, Mr. Hovatter filed a Chapter 7 bankruptcy and received a discharge from joint marital debts on September 28, 1981. They separated on or about July 1, 1982, were later divorced and Ms. Martin filed a Chapter 7 bankruptcy case on November 14, 1984, listing the same joint marital debts. The Trustee's complaint asks the court to find these debts non-dischargeable as to Carl Hovatter under 11 U.S.C. § 523(a)(5) and direct him to reimburse the estate of Dorothy E. Martin for all marital indebtedness he assumed under a separation agreement dated March 18, 1983.

The Trustee moved for summary judgment. During the course of briefing, counsel for Mr. Hovatter raised the issue of whether the Trustee has standing to seek a determination of dischargeability.

Standing is an aspect of justiciability under Article III of the United States Constitution and the court's jurisdiction can be invoked only when the standing requirement is satisfied. *Libertarian Party of Florida v. State of Florida,* 710 F.2d 790 (11th Cir.1983). Standing, since it goes to the very power of the court to act, must exist at all stages of a proceeding. *Safir v. Dole,* 718 F.2d 475 (D.C.Cir.1983). Thus, the issue of standing is a jurisdictional question that cannot be waived and can be raised at any time. *National Coalition to Ban Handguns v. Bureau of Alcohol, Tobacco & Firearms,* 715 F.2d 632 (D.C.Cir.1983).

Consequently, the merits of the action cannot be addressed until the question of the Trustee's standing has been resolved.

Section 727(a) of Title 11 provides that the court shall grant the debtor a discharge unless certain specific conditions are met. Subsection (c)(1) specifically grants standing to a trustee or a creditor to object to the granting of a discharge of all debts in a case. Section 523 uses the word "discharge" in the context of excepting from discharge a particular debt and focuses on specific debts involving specific creditors. Although subsections (c) and (d) are not applicable to actions under § 523(a)(5), they suggest that all "§ 523 actions" lie with the specific creditors. BR 4007(a) which tracks the language of former Rule 409(a) reinforces this suggestion by designating the debtor or any creditor as persons entitled to file complaints to determine dischargeability of a debt. Thus, in sharp contrast to § 727(c)(1), no power to obtain a determination of dischargeability is given a trustee under the statutory language of either § 523 or BR 4007(a). *In re Lagrotteria,* 42 B.R. 867 (Bkrtcy.N.D.Ill.1984); *Vaccariello v. Lagrotteria,* 43 B.R. 1007 (D.C.1984).

Further, there is no statutory duty imposed on a trustee to object to the dischargeability of particular debts under § 523. The trustee in a bankruptcy case has specific duties enumerated in 11 U.S.C. § 704 which he is obligated to perform in a competent and professional manner. One of these duties is to oppose a debtor's discharge for the benefit of all creditors of the estate, if appropriate. It would be an unwarranted burden upon the trustee to impose the additional requirement of investigating each creditor's claim against a debtor to ascertain whether or not such debt might be determined to be nondischargeable. *In re Overmyer,* 26 B.R. 755 (Bkrtcy.S.D.N.Y.1982).

Since the Trustee lacks standing, jurisdiction is absent and the complaint must be dismissed.