**In re William F. JONES and Kathleen A. Jones, Debtors.**

**William G. SCHWAB, Trustee in Bankruptcy for William F. Jones and Kathleen A. Jones, Plaintiff,**

v.

**William F. JONES and Kathleen A. Jones, Defendants.**

**Bankruptcy No. 5–96–00096.**
**Adversary No. 5–96–00155A.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 6, 1997.

William G. Schwab, Trustee in Bankruptcy, Lehighton, PA.

James Watt, Allentown, PA, for Debtors/Defendants.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The above matter was initiated by a Complaint of the Chapter 7 Trustee, William G. Schwab, (hereinafter "Trustee"), requesting the court to find certain debts to individual creditors be rendered non-dischargeable under 11 U.S.C. § 523(a)(2)(C). This Complaint was met by a Motion for Summary Judgment which challenges the standing of a trustee to file a complaint under Section 523(a)(2)(C) on behalf of individual creditors. The Motion for Summary Judgment further requests that the court grant to the attorney for the Debtors/Defendants, reasonable attorney's fees for defense of this dischargeability complaint. For the reasons provided herein, the court will grant the Motion for

Summary Judgment but will deny that portion requesting attorney's fees.

The facts are as follows. Within sixty (60) days of the filing of the bankruptcy, the Debtors made numerous charges on certain credit cards namely to creditors, JC Penney, MBNA and Sears, Roebuck and Company. After two scheduled § 341 meetings, the Trustee brought the instant Complaint alleging that he reasonably believed that fraud was perpetrated under Section 523 of the Bankruptcy Code. In support of his standing to bring the instant Complaint, the Trustee argues that the language of 11 U.S.C. § 704(6), which provides that the Trustee shall, if advisable, oppose the discharge of the debtor, gives him standing not only to bring discharge complaints under 11 U.S.C. § 727 but also under 11 U.S.C. § 523. The Trustee indicates that this reading is not only logical but a necessary conclusion because of the Trustee's fiduciary duty to the bankruptcy estate. Furthermore, the Trustee cites the court to the case of *In re Muller*, 111 B.R. 911 (Bankr.S.D.Ca.1990) for the proposition that the Trustee has standing to bring an adversary under Section 523.

In response, the Debtor directs our attention to the language of Section 523(c)(1) which reads, in its entirety, as follows.

### § 523. Exceptions to discharge.

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6) or (15), as the case may be, of subsection (a) of this section. (Emphasis ours.)

■ The Debtors surmise that because the Complaint has requested that certain debts be determined non-dischargeable under Section 523(a)(2)(C), the complaint must be filed by a creditor to whom a debt is owed. In this case, the Trustee is not a creditor and,

therefore, does not have standing to bring the instant Complaint. Furthermore, under Section 323, the Trustee represents the estate and not an individual creditor. Finally, the allegations of the Complaint, together with the arguments in support advanced in the Trustee's brief, sound more to be a motion under Section 707(b) of the Code, (Dismissal), and, a motion under that section was neither filed by the U.S. Trustee nor did the court seek dismissal by sua sponte motion.

The case of *In re Muller*, 111 B.R. 911 (Bankr.S.D.Ca.1990) did find that the Trustee had authority to file a 523(a)(2) complaint on behalf of the estate in another bankruptcy case. The significance of that case is that the trustee represented an estate, which was a creditor of the estate for which the complaint was brought. No such creditor relationship was alleged in the instant case.

*Collier on Bankruptcy*, 15th Edition Revised, at page 523–113 at ¶ 523.26 provides that, "A trustee may not object to dischargeability under section 523(c), and therefore is not, under Bankruptcy Rule 4007(c), a 'party in interest' who is permitted to move for extensions of time in which creditors may object to dischargeability of specific debts." *Citing, In the Matter of Farmer*, 786 F.2d 618 (4th Cir.1986) and *In re Tatum*, 60 B.R. 335 (Bankr.D.Col.1986).

The *Farmer* court relied heavily on *In re Overmyer*, 26 B.R. 755 (Bankr.S.D.N.Y.1982) and *In re Lagrotteria*, 42 B.R. 867 *affirmed* 43 B.R. 1007 (N.D.Ill.1984) for the proposition that only a creditor may object to the dischargeability of specific debts pursuant to 11 U.S.C. § 523(c).

*In re Myers*, 1994 WL 362269 (Bankr.D.Md.1994) questioned the results in *Farmer* and *Overmyer* based upon what it deemed to be a fundamental error in law that non-dischargeable debts are not satisfied from the estate but from post-petition assets. This was a proposition *Myers* found to be unsupported by any authority. Whether *Myers* is correct in this regard is of no consequence since the Trustee has filed a Report of No Distribution in this no asset

case. This puts the Trustee in a situation where he is requesting the court to find certain debts non-dischargeable with no consequent effect on any distribution that could be realized to creditors of this estate.

Most importantly, the court looks to the statute and the rules promulgated to implement the terms of the statute. Section 523(c)(1) plainly reads that certain debts will be discharged unless, "on request of the creditor to whom such debt is owed," the court determines otherwise. Federal Rule of Bankruptcy Procedure 4007(a) reads as follows: "A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." The plain reading of the language of Section 523(c)(1) and Rule 4007(a) compels this court to find that the Trustee does not have standing to initiate a dischargeability complaint under 11 U.S.C. § 523(c).

For these reasons, the Motion for Summary Judgment is granted.

The instant complaint and the arguments advanced in support thereof were filed by the Trustee in due regard of his belief that he was acting in the best interests of the estate and as a fiduciary to the estate. While he failed in his attempts to prove that he had standing to file the instant complaint, the court does not believe that this failure rises to such extent that it will impose sanctions under Federal Rule of Bankruptcy Procedure 9011. For that reason, the court denies the Debtors' request for attorney's fees in this matter.