K.K. HALL, Circuit Judge:
 

 Appellants, Elma Speight Farmer and his wife, Mary Alice Farmer, d/b/a Speight Oil Company, Speight Oil Company, La., and Elma Speight Farmer Farm and Livestock are debtors in a Chapter 7 bankruptcy proceeding. They appeal from an order of the district court affirming the determination of the bankruptcy court that a trustee in bankruptcy is a “party in interest” permitted to move for an extension of time within which creditors may object to the dis-chargeability of specific debts pursuant to 11 U.S.C. § 523(c). Because we conclude the district court’s analysis of the statute was incorrect, we reverse.
 

 I.
 

 Appellants were involved in a number of business enterprises that encountered financial difficulties in 1984. An action was filed in district court by five married couples alleging that the Farmers had engaged in securities and investment fraud in violation of numerous state and federal laws. On August 6, 1984, appellants filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Act, which had the effect of staying the district court proceedings pursuant to 11 U.S.C. § 362. Notice was given to more than 350 creditors that the time for filing objections to discharge and complaints to have individual debts declared nondischargeable would expire on October 4, 1984. On September 4, 1984, the trustee sought and received from the bankruptcy court an extension of time until January 2, 1985, to file objections to the debtors’ discharge and the dischargeability of debts. The trustee filed for a second extension of time on January 2, 1985, and the debtors objected to the application. Following a hearing on the application, the bankruptcy court granted the trustee’s request for an extension of time, holding that the trustee was a “party in interest” entitled to request such extensions under Bankruptcy Rules 4004(b) and 4007(c).
 

 The judgment of the bankruptcy court was affirmed by the district court on May 22, 1985. The debtors/appellants filed a petition seeking permission to appeal an interlocutory order pursuant to 28 U.S.C. § 1292(b). The district court granted the petition, and the matter is now properly before this Court.
 

 II.
 

 The Farmers do not contest on appeal the extension granted to the trustee during which objections to discharge under 11 U.S.C. § 727 could be filed. They contend only that the bankruptcy and district courts erred in holding that a Chapter 7 trustee is a “party in interest” within the meaning of Bankruptcy Rule 4007(c) and thereby permitted to move for extensions of time in which creditors may object to the dis-chargeability of specific debts pursuant to 11 U.S.C. § 523(c).
 

 Appellants contend that their position is supported by the plain language of the Bankruptcy Code and a sound analysis of the role of a Chapter 7 trustee. They
 
 *620
 
 further argue that all persuasive authority from other jurisdictions, including the principal cases of
 
 In Re Lagrotteria,
 
 42 B.R. 867,
 
 aff'd,
 
 43 B.R. 1007 (N.D.Ill.1984), and
 
 In Re Overmyer,
 
 26 B.R. 755 (Bankr.S.D.N.Y.1982), sustains their contentions. We agree.
 

 III.
 

 The Bankruptcy Code contains two statutory mechanisms whereby discharge from indebtedness may be limited or denied in a Chapter 7 proceeding. They are found in 11 U.S.C. §§ 523 and 727. Section 727 sets forth the conditions that will allow the court to deny the debtor a discharge as to all debts. Pursuant to section 727(c)(1) the trustee or a creditor may object to discharge. Bankruptcy Rule 4004 supplements section 727 and sets forth the time limits during which the statute may be invoked. Rule 4004(b) states that:
 

 On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.
 

 11 U.S.C. § 523 lists the conditions under which specific debts may be excepted from a general discharge granted under section 727. Under section 523(c) only a creditor may object to the dischargeability of a specific debt. The accompanying Rule 4007(c) contains the following provision:
 

 On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
 

 The obvious issue, therefore, is whether “party in interest”
 
 [1]
 
 carries the same meaning in Rule 4007(c) that it has in Rule 4004(b). We conclude that it does not.
 

 Appellee argues that the nearly identical language dealing with extensions of time in Rules 4004 and 4007 suggests the drafters intended “party in interest” to have the same meaning in both. This argument, however, ignores the fact that the rules supplement specific statutes and the inquiry must look to the statutes themselves and not merely the rules. Because a trustee may object to discharge under section 727, he would clearly be a “party in interest” to seek time extensions under 4004(b). However, a trustee may not object to dis-chargeability under section 523. The trustee has, therefore, no statutory basis for asserting an interest in extending the time for such objections.
 

 We do not find it significant that section 523 speaks only of creditors objecting to discharge while the accompanying rule uses the broader term “party in interest.” A creditor may well have a successor in interest who could not actually file a section 523 complaint but would still have a financial interest sufficient to justify seeking an extension on behalf of the creditor.
 
 [2]
 
 Allowing a party who shares a community of interest with a creditor to offer a 4007(c) motion does not, however, extend that privilege to the trustee.
 

 Although it is unquestionably true that a trustee plays a central role in Chapter 7 proceedings, it is also clear that not all that occurs relating to Chapter 7 is the concern of the trustee. Section 523 is a clear example. Specific debts may be exempted from a general discharge for a variety of reasons involving either the nature of the debt or the conduct of the debtor. In any event
 

 the trustee in bankruptcy has no economic interest in obtaining an extension of time for creditors to pursue ,the nondis-
 
 *621
 
 chargeability of their claims. The trustee acts for all the creditors so as to maximize the distribution from the estate. The trustee distributes the property of the estate in accordance with the formula prescribed under 11 U.S.C. § 726. A nondischargeable debt is not satisfied from the estate to the detriment of the other creditors. A creditor holding a nondischargeable debt must look to the debtor’s post-petition assets, which are of no interest to the trustee in bankruptcy.
 

 Overmyer,
 
 26 B.R. at 758.
 
 See also Lagrotteria,
 
 42 B.R. at 869. Economic interest is a rational means by which the scope of a trustee’s duties may be measured. When a trustee has neither financial interest in a matter nor duties imposed by statute, then a trustee is not a “party in interest.”
 
 [3]
 

 We conclude that neither the general duty to investigate nor the complexity of the instant case requires that the trustee be allowed to extend the time for creditors to file objections. The investigatory responsibility granted in 11 U.S.C. § 704 cannot give the trustee power that another portion of the Code denies.
 

 Furthermore, we fail to see how permitting the trustee to file 4007(c) motions enhances his ability to investigate or assists in the administration of an admittedly complex case. The trustee may obviously continue to inquire into circumstances that would justify denying the debtor a general discharge and may file 4004(b) motions to extend that time if necessary. The trustee may even consider information from creditors on specific debts to determine if there are facts involved which would raise a question of whether a general discharge is proper. If allegations surrounding specific debts are of sufficient gravity to deny a discharge, they may still be brought to the trustee’s attention. If they are not of such magnitude, then they are not of legitimate interest to the trustee.
 

 IV.
 

 For the foregoing reasons, we conclude that the order of the district court affirming the determination of the bankruptcy court must be reversed. We further direct that any complaints to the dis-chargeability of a debt which were filed during the time period extended in response to the trustee’s Rule 4007(c) motion must be dismissed as untimely.
 

 REVERSED.
 

 [1]
 

 . "Party in interest” is an often used, but rarely defined, term in the Bankruptcy Code. A trustee is expressly included within the term in Chapter 11 proceedings (11 U.S.C. §§ 1109(b) and 1121(c)) where the trustee may have ongoing duties in a reorganization process. Chapter 7, however, contains no such provisions.
 

 [2]
 

 . This precise situation was presented in an earlier
 
 Overmyer
 
 case,
 
 In Re Overmyer,
 
 24 B.R. 437 (Bankr.S.D.N.Y.1982). In that case the bankruptcy court held that a parent company whose wholly-owned subsidiary was a creditor of a Chapter 7 debtor was a "party in interest” under Rule 4007(c) even though the parent could not itself file a section 523 complaint.
 

 [3]
 

 . We reject appellee’s suggestion that
 
 Overmyer
 
 arbitrarily divides the trustee’s interests based on the filing of the bankruptcy petition. The rationale underlying
 
 Overmyer
 
 does not rest on the mechanical application of a filing date but rather on a sound inquiry into the statutory purpose served by a trustee.