**In re Ann A. LINN, Debtor.**

**Bankruptcy No. 88–711–TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

July 18, 1988.

Gretchen A. Harris of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for debtor. James F. Davis and Kwame Mumina, with her on the brief.

Michael Rubenstein of McKinney, Stringer & Webster, Oklahoma City, Okl., for Official Unsecured Creditors Committee. Karen Eby and Judy Hamilton Morse of Crowe & Dunlevy, Oklahoma City, Okl., joining on the brief.

## ORDER REGARDING MOTION TO EXTEND TIME

JOHN TeSELLE, Bankruptcy Judge.

The Official Unsecured Creditor Committee ("Committee") filed a motion pursuant to Bankruptcy Rule 4007(c) for an extension of time in which any unsecured creditor may bring a complaint seeking an exception to discharge pursuant to § 523(c). The Debtor filed an objection. The matter was heard and taken under advisement.

A motion requesting an extension of time may be granted pursuant to Rule 4007(c) where three requirements have been met: (1) a party in interest has requested it; (2) there has been notice and an opportunity for hearing; and (3) there exists good cause for the extension. The Court determined at the hearing that there was cause due to discovery delays it imposed in this case. The only element remaining, and the issue under advisement, is whether the Committee is such a "party in interest" as to have standing to request an extension of time.

█ Bankruptcy Rule 4007(c) provides, in pertinent part:

On motion of *any party in interest*, after hearing on notice, the court may for cause extend the time fixed under this subdivision. (Emphasis added).

Section 1109(b) provides:

*A party in interest*, including the debtor, the trustee, *a creditors' committee*, an equity security holders' committee, creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter. (Emphasis added).

Similar language is used at § 1121(c) where a committee is included as a party in interest eligible to file a plan of reorganization.

The Committee argues Rule 4007 provides that any party in interest may file a motion requesting an extension of time and that § 1109 and § 1121 indicate that a creditor's committee is a party in interest.

Section 523(c) provides in pertinent part: The debtor shall be discharged from a debt ... unless, *on request of the creditor to whom such debt is owed*, and after notice and a hearing, the court determines such debt to be excepted from discharge ... (Emphasis added).

Bankruptcy Rule 4007(a) provides:

**PERSONS ENTITLED TO FILE A COMPLAINT.** A Debtor or *any creditor* may file a complaint with the court to obtain a determination of the dischargeability of any debt. (Emphasis added).

The language of this Section and Rule indicates that the drafters intended only the creditor to whom the debt is actually owed be permitted to file a complaint requesting an exception to discharge. Thus, the Debt-

or argues, only a similarly situated and specific creditor should be permitted to request an extension of time to file the complaint and since the committee is not the entity to whom the debt is owed it is not permitted to request an extension even as a fiduciary or representative of a particular creditor.

The issue presented is one of statutory construction and standard rules of construction should be applied.

■■■ The Bankruptcy Rules do not expand or constrict rights and privileges set forth in the Bankruptcy Code but merely clarify unaddressed areas of law or implementation of Code provisions. Bankruptcy Rule 1001; Local Court Rule 1[1]; Local Bankruptcy Rule 1[2]. Where Rule 4007(c) may appear to conflict with a Code section or another Rule, it must be interpreted to avoid the conflict.· Therefore, the Committee may not rely on Rule 4007 as authority to file an application for extension of time unless the Code authorizes or permits a committee to do so or fails to address that issue. This complies with the principle of statutory construction that sections of a statute should generally be read "to give effect, if possible, to every clause ..." See *United States v. Menasche*, 348 U.S. 528, 538–539, 75 S.Ct. 513, 520, 99 L.Ed. 615 (1955).

The meaning of § 523(c) and Rule 4007(a) is specific and inescapable: Only the creditor holding the specific claim may file a complaint to except the debt from discharge. However, neither this section nor this rule resolves the issue because neither addresses who may file an application for extension of time.

Since the Court concludes that § 523 and Rule 4007(a) do not resolve the issue, the scope of Rule 4007(c) must be reviewed. Clearly this Rule directly addresses who

may request an extension of time. The Rule is not in conflict with § 523 and appears to merely provide guidelines for its implementation. Likewise, Rule 4007(c) does not conflict with Rule 4007(a). Therefore, Rule 4007(c) is determinative. Any party in interest may seek an extension of time to bring a dischargeability complaint.

The phrase "any party in interest" is virtually undefined in the Rules or the Code. Its meaning in Rule 4007 must be gleaned from inferences in Code sections, other related Rules and case law. Since this case is proceeding under Chapter 11 any meaning given the phrase in other sections specifically applicable to Chapter 11 cases is instructive. Sections 1109(b) and 1121(c) both define the phrase to include a creditors' committee. This is a strong indication that the Supreme Court in promulgating the Rules intended the phrase, when used in a Chapter 11 context, to encompass a creditors' committee. Cf. *In the Matter of Farmer*, 786 F.2d 618, 620 n. 1 (4th Cir.1986).

Additionally, Congress' use of the word "including" in sections 1109(b) and 1121(c) indicates the breadth and inclusiveness they intended to be given the phrase in the Chapter 11 context. See 11 U.S.C. § 102(3).

Further indication of Congressional intent may be derived from § 1103(c)(2). There a committee is given the authority to investigate the acts and conduct, among other aspects, of a debtor. In this case the Committee seeks an extension of time to complete its investigation of the Debtor. Whether the unsecured creditors whom the Committee represent have a basis to seek an exception from discharge of the debt owed to them individually may, in many instances, depend on the outcome of an investigation conducted by the committee

---

**1.** RULE 1. *Scope of Rules.* (a) *Applicable Procedural Rules.* The Rules of Procedure in any case or proceeding in this court shall be as prescribed by the laws of the United States, the Federal Rules of Bankruptcy Procedure, and these Local Bankruptcy Rules.

**2.** RULE 1. RULES OF PROCEDURE; SCOPE OF RULES. (A) The rules of procedure in any

proceeding in this Court shall be as prescribed by the laws of the United States, the Rules of the Supreme Court of the United States, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, any applicable Rules of the United States Court of Appeals for the Tenth Circuit, and these Rules.

for the benefit of all unsecured creditors. It would thus frustrate the concept and purpose of a creditors' committee if it were not permitted to obtain an extension of time, on behalf of all the creditors it represents, to complete its investigative responsibilities.

Several cases and authority have been presented for the Court's consideration. None specifically address the issue presented in this case. In *In the Matter of Farmer*, supra, the court held that a Chapter 7 trustee is not a party in interest with standing to request an extension of time to file a complaint objecting to dischargeability of a debt. The court analyzed the trustee's role in a Chapter 7 proceeding and based its holding on three findings. First, that the trustee may not bring a § 523 complaint and, therefore, lacks standing to request an extension to file the complaint. Second, the Chapter 7 trustee has no economic interest or statutory duty relating to a § 523 complaint. Third, the general investigative duties of § 704 do not provide the trustee with standing where standing is not otherwise provided by the Code.

The Court believes that the distinctions between the role of a Chapter 7 trustee and a Chapter 11 unsecured creditors' committee are significant. The committee consists of creditors. The creditors, through the committee, investigate the actions of a debtor to determine if any of them or the creditors they represent have cause to take certain legal actions, including the filing of § 523 complaints. Each creditor the committee represents is a party in interest and has an economic interest in the outcome of the committee's findings.

The Court also believes that the result reached in a Chapter 7 proceeding by the *Farmer* court would create a conflict among the various sections of the Code and Rules if applied in a Chapter 11 case. The court impliedly recognized this itself. *Id.* at 620 n. 1. Were its ruling applied in a Chapter 11 case a conflict would be created between § 523 and § 1109 and § 1121 and the broader meaning of Rule 4007(c) would be severely restricted. Further, restriction of the meaning of Rule 4007(c) would make the difference in the phrasing of Rule 4007(a) and 4007(c) meaningless. The clear meaning must be given the phrases chosen by the promulgators where possible. *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979).

The case of *Burger King Corp. v. B–K of Kansas, Inc.*, 73 B.R. 671 (D.Kan.1987) is distinguishable. In that case the plaintiff filed a § 523 complaint out of time and without having obtained an extension of time to do so. Plaintiff then attempted to rely on extensions granted exclusively to other creditors. The court dismissed plaintiff's complaint since it had not been granted an extension. The court indicated that in another case where cause could be shown, an extension could be obtained by one party in interest on behalf of all parties in interest. That is similar to the case at bar.

The Chapter 7 case of *Vaccariello v. Lagrotteria*, 43 B.R. 1007 (N.D.Ill.1984) is also distinguishable. There plaintiff filed a § 523 complaint out of time claiming reliance on an extension of time obtained by the trustee. The court dismissed the complaint on two bases. First, only a creditor may obtain an extension of time pursuant to Rule 4007(c). Second, the extension of time was granted concerning time to file a § 727 discharge complaint, not a § 523 dischargeability complain. In the case at bar, the creditors, through the Committee, seek the extension of time.

The court in *Federal Deposit Insurance Corporation v. Kirsch (In Re Kirsch)*, 65 B.R. 297 (Bankr.N.D.Ill.1986) may have understated the situation when it wrote "*Vaccariello* ... makes it clear that reliance on anybody else's Rule 4007(c) extension is imprudent". *Id.* at 301. In that case plaintiff had relied on an erroneous docket sheet entry indicating that an order enlarging time to file § 523 complaints had been entered. The court reasoned that reliance on the entry without inquiry as to who had obtained the extension and for whose benefit was unreasonable. Similar facts are not presented in the instant case.

*Unsecured Noteholders' Committee v. First National Bank and Trust of Okla-*

*homa City (In Re Amarex)*, 36 B.R. 59 (Bankr.W.D.Okla.1984) concerned standing to file a complaint seeking to avoid preferential transfers. That court analyzed different issues of law and statutory construction than those raised in this case.

Debtor's position in this matter appears to be supported by the author of *Colliers*. *Colliers on Bankruptcy*, ¶ 4007.03, 4007.-05[3][a] (1987). The author states that the party seeking an enlargement of time, "must be the party that has standing to litigate the dischargeability complaint, i.e. normally the creditor to whom the questioned debt is owed". *Id.* at 4007–12 (citing ¶ 4007.03 at which *Pauley v. Spong (In Re Spong)*, 661 F.2d 6 (2nd Cir.1981) is cited).

The author also concludes that, "[t]he right to bring a proceeding under Rule 4007 turns upon the right to enforce collection of the debt which is at issue". *Id.* at 4007–6. While this conclusion is inviting and might be applicable in a Chapter 7 proceeding, it must be remembered that such an application of the Code and Rules in a Chapter 11 case would increase rather than decrease the conflict and tension among the various Code sections and Rules.

The only authority cited in support of the commentator's conclusion is *Pauley v. Spong (In Re Spong)*, supra. The inference of that case is more fairly read to be inclusive rather than exclusive of who may file a § 523 complaint. When applied to a Chapter 11 proceeding, the case appears to, at best, only tangentially support the proposition for which it is cited.

The Court finds that, in a Chapter 11 case, a creditor's committee is a party in interest for purposes of requesting an extension of time pursuant to Rule 4007(c).

Accordingly, the Committee is granted an extension until August 25, 1988 to complete its investigation and individual unsecured creditors are given until September 2, 1988, to file a complaint pursuant to § 523(c).

IT IS SO ORDERED.