**In re Ronald Dwayne COLLINS, Ricky Joe Belcher, Tammy Sue Elswick Belcher, Kenneth Lee Hicks, Judy Ann Hicks, Richard Rose, Alice Marie Rose and South Fork Construction, Inc., Debtors.**

**Bankruptcy Nos. 7–90–01205–BKC–HPB, 7–90–01461–BKC–HPB, 7–90–01487–BKC–HPB, 7–90–01489–BKC–HPB and 7–89–01758–BKC–HPB.**

United States Bankruptcy Court, W.D. Virginia, Big Stone Gap Division.

Oct. 9, 1990.

As Amended Oct. 26, 1990.

John E. Waites, U.S. Trustee.

Thomas W. Kennedy, Asst. U.S. Trustee.

## JOINT MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

The clerk of this court has brought to the court's attention that the duly appointed trustee in the within Chapter 7 cases has filed with the clerk written motions to extend the time within which creditors and interested parties may object to the discharge for the reason that the section 341 meeting has been continued. The trustee, Robert E. Craig, a member of the U.S. Trustee's panel, filed the motions and the clerk has informed the court that this trustee is not a member of the bar of this

court as required by the Local Rules governing procedure in this court. Under the prevailing procedure, the clerk has received and marked "filed" said motions.

The issue presented is whether or not said motions may be prosecuted by the trustee who is a non-attorney before this court.

Bankruptcy Rule 9010 provides that interested parties, which includes trustees, may appear in a case and perform any act not constituting the practice of law. Rule 9013 refers to motions and the requirement that they be in writing. Rule 9014 provides that all such motions are contested matters and are heard by the court.

11 U.S.C. § 323 defines the role of a trustee as a representative of the estate with the capacity to sue or be sued. Rule 6009 provides that the trustee or debtor in possession may prosecute and defend actions before the court.

The Local Rules of this court, promulgated by the judges under the authority of the district court and approved by the Circuit Council, require under Rule III that attorneys appearing before the court shall be admitted under proper application; that Rule VI requires the filing of papers or pleadings by a member of the bar of the court; and Rule IX requires written motions to be endorsed by counsel, unless the individual, other than a fiduciary such as a panel trustee, may individually file a *pro se* motion.

It appears from the foregoing authorities that motions filed by trustees before this court are required to be filed by attorneys properly admitted to practice before this court. A contested matter of any nature under Rule 9014 requires pleadings and appearances in court in support thereof, and under Local Rules such motions and other pleadings are required to be filed by attorneys properly admitted to practice before the court.

Pursuant to 11 U.S.C. § 702, creditors have the right to elect a trustee to serve. The interim panel trustee, designated by the United States Trustee, serves if no election is held to select a trustee. It would, indeed, be novel if such elected trustee who may be a non-attorney could file motions, pleadings and other papers in this court and appear and argue and prosecute such causes in violation of the local court rules solely because such person is serving as a Chapter 7 trustee.

For the foregoing reasons, it is

### ORDERED

that the clerk reject and return said motions within ten (10) days from this date unless said trustee engages counsel for processing the same or obtains the assistance of creditors' or debtors' counsel in pursuing said motions for which leave is hereby granted. As to the foregoing case of South Fork Contractors, Inc., wherein a similar motion was filed, as no discharge is issuable to a corporation, the motion is dismissed as to that case as being moot.[1]

---

1. It is a matter of interest that a motion under Rule 4007(c) to extend the time for filing pursuant to § 523(c), a trustee is without standing as to such motion, which the trustee seeks to invoke herein. *See In Re Farmer,* 786 F.2d 618 (4th Cir.1986).