In re Tara Virginia OWEN–MOORE, Debtor.

No. 10–01714–LT7.

United States Bankruptcy Court, S.D. California.

Aug. 12, 2010.

Timothy G. McFarlin, McFarlin & Geurts, LLP, Irvine, CA, for Debtor.

## MEMORANDUM DECISION

LAURA S. TAYLOR, Bankruptcy Judge.

Dragicia Markovich asserts a significant claim against debtor Tara Virginia Owen–

Moore and alleges entitlement to a determination that her claim is not dischargeable in Debtor's current bankruptcy. Ms. Markovich, however, did not file a complaint objecting to dischargeability of her claim prior to the deadline established by Federal Rule of Bankruptcy Procedure 4007(c)[1] and did not seek a timely extension of this deadline. Instead, after the deadline, she filed a joinder in a timely extension motion filed by the chapter 7 trustee under rules 4004(b) and 4007(c). Under these facts, the Court must determine whether a chapter 7 trustee is a party in interest entitled to seek an extension of the time limits established by rule 4007(c) for the filing of a complaint objecting to the dischargeability of a creditor's claim.

Here the facts underlying Ms. Markovich's claim are compelling and suggest that an objection to discharge of her claim may have merit. The Court, however, must evaluate this matter without reference to such facts as the questions of the timeliness and appropriateness of her actions must be determined based on a neutral analysis of the law. Based on such analysis, the Court concludes that the chapter 7 trustee lacked party-in-interest status for the purpose of rule 4007(c). Thus, the chapter 7 trustee's extension motion was not a proper vehicle for an extension of the rule 4007(c) deadlines, and, further, Ms. Markovich's post-deadline joinder therein was insufficient to extend the time for her to file a nondischargeability complaint.

## FACTS

Debtor initiated her chapter 7 case (the "Bankruptcy") on February 3, 2010 (the "Petition Date").

---

1. Hereinafter, references to code sections refer to Title 11 of the United States Code, also referred to as the "Bankruptcy Code", unless otherwise specified. References to rules refer to the Federal Rules of Bankruptcy Procedure, unless otherwise specified.

Dragicia Markovich is a 77–year–old pre-petition creditor of Debtor. Ms. Markovich alleges that she loaned Debtor virtually the entirety of her life savings, $2.1 million, based on fraudulent representations made by Debtor and a fraudulent financial statement provided by Debtor.

The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines filed on the Petition Date (docket # 5, hereinafter the "341a Notice") set March 10, 2010 as the date of the initial 341a meeting of creditors and provided notice that the deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of claims was May 10, 2010 (the "Complaint Bar Date"). The Bankruptcy docket contains a Court Certificate of Mailing—BNC (the "Certificate") stating that Ms. Markovich received a copy of the 341a Notice through delivery by first class mail sent on February 6, 2010 to 1500 Catherine St., # D210, Walla Walla, Washington 99362–4279.

The Debtor attended the initial meeting of creditors on March 10, 2010. At that time, the chapter 7 trustee ("Trustee") questioned Debtor and requested significant additional documentation. Thereafter, the Trustee received voluminous documentation and, as a result, agreed to continue the 341a meeting to allow document review.

As a further result of the need to review additional documents, the Trustee requested that the Debtor agree to an extension of the time for any party to object to Debtor's discharge. The Debtor agreed to extend the Complaint Bar Date as to the Trustee and the United States Trustee, but would not agree to extend it as to creditors. It is unclear whether the Trustee requested an extension of the deadline for filing objections to the dischargeability of individual claims, but it is certain that the Debtor did not agree to such an extension as to creditors. Therefore, on May 7, 2010, a date prior to the Complaint Bar Date, the Trustee filed her motion requesting an extension of the deadlines for filing a complaint objecting to the Debtor's discharge and for filing a complaint objecting to the dischargeability of creditor claims (the "Extension Motion").

Thereafter, on May 14, 2010, and after the Complaint Bar Date, Ms. Markovich filed her motion to join in the Extension Motion (the "Joinder").

The Debtor opposed the Extension Motion in part; she acknowledged that it was timely and appropriate as to the Trustee and the United States Trustee in connection with objections to discharge, but argued that the Extension Motion otherwise must be denied. In particular, the Debtor argued that the Joinder was late and that the Court should deny the Extension Motion to the extent it sought any relief on behalf of creditors.

The Court held an initial hearing on this matter on June 17, 2010. At that time, the Court concluded that the Trustee was a party in interest for purposes of rule 4004(b) with standing to bring the Extension Motion on behalf of all creditors as it related to the Complaint Bar Date for the filing of complaints objecting to discharge under section 727. The Court, however, required additional briefing in connection with the Trustee's assertion of standing under rule 4007(c) to seek an extension of the Complaint Bar Date as to complaints objecting to the dischargeability of individual creditors' claims. As a result, the Court ordered additional briefing and held a continued hearing on July 20, 2010.

The Court has now reviewed all documents filed by the parties and carefully considered the arguments of counsel at the various hearings.

## DISCUSSION

Rule 4007 governs the time for filing a complaint objecting to the dischargeability

of a debt under section 523(c). Generally, a creditor must file such a complaint: "... no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.Proc. 4007(c). In this case, the 60 day date was May 10, 2010, the Complaint Bar Date. The Certificate provided Ms. Markovich and other creditors with notice of the Complaint Bar Date and did so promptly after the Petition Date.

Rule 4007(c) also allows for an extension of the Complaint Bar Date as it states that: "[o]n motion of a party in interest, ... the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id.*

Here, Ms. Markovich did not file any document until after the Complaint Bar Date. On May 14, 2010, however, she filed the Joinder. Thus, her request for an extension of the Complaint Bar Date is untimely unless she can rely on the Extension Motion. And in order for Ms. Markovich to rely on the Extension Motion, the Trustee must be a party in interest with standing to seek an extension of the Complaint Bar Date as it relates to objections to dischargeability of individual creditor claims.

The Ninth Circuit has not yet considered this issue, but other circuit courts have done so—albeit with widely divergent results.

### A. The Fourth Circuit Concludes That The Trustee Is Not A Party In Interest For Purposes of Rule 4007(c).

The Fourth Circuit, the first circuit court to consider this issue, held that a chapter 7 trustee is not a party in interest entitled to bring a motion under rule 4007(c). *In re Farmer*, 786 F.2d 618 (4th Cir.1986). In *Farmer*, the chapter 7 trustee sought and obtained an initial extension of the time for objections to discharge and the dischargeability of debts. *Id.* at 619. The *Farmer* trustee then sought a second extension of these deadlines, the debtors objected, and the bankruptcy court granted the trustee's motion, holding that the trustee was a party in interest entitled to seek an extension under both rule 4004(b) and rule 4007(c). *Id.* After the district court affirmed this decision, the debtors appealed as to the rule 4007(c) extension, and the Fourth Circuit reversed.

First, the Fourth Circuit noted the most relevant difference between a section 727 objection to discharge and a section 523 objection to the dischargeability of a claim; the chapter 7 trustee can bring an objection to discharge for the benefit of all creditors, but he cannot bring an action objecting to the discharge of an individual creditor's claim. *See*, 11 U.S.C. § 704(a)(6); Fed. R. Bankr.Proc. 4007(a); *Farmer*, 786 F.2d at 620. Thus, the Fourth Circuit found no statutory basis for a chapter 7 trustee's assertion of an interest in the extension of time for asserting such nondischargeability complaints.[2] *Farmer*, 786 F.2d at 620.

The Fourth Circuit also determined that a chapter 7 trustee has no economic interest in obtaining an extension of time for creditors to pursue nondischargeability actions. *Id.* at 620–621. It emphasized that the chapter 7 trustee acts for all creditors in liquidating assets of the estate and then

---

**2.** The Fourth Circuit relied on the difference between the statutes to explain why, notwithstanding the use of the term "party in interest" in both rule 4004(b) and rule 4007(c), the term should be construed differently.

makes appropriate distributions under section 726. *Id.* at 621. And, it then distinguished cases involving nondischargeable debt, by noting that such claims would be paid from post-petition assets which are of no interest to the chapter 7 trustee.[3] *Id.*

Thus, the Fourth Circuit concluded that a chapter 7 trustee is not a party in interest for purposes of rule 4007(c), as he has neither a duty imposed by statute to bring or otherwise be involved in a nondischargeability action nor a financial interest in the outcome of the nondischargeability action. *Id.* at 621. The Fourth Circuit expressly found that the chapter 7 trustee's general duty to investigate the financial affairs of the debtor did not require a different result. *Id.*

## B. The Sixth Circuit Concludes That A Chapter 7 Trustee Is A Party In Interest Entitled To Seek An Extension Under Rule 4007(c).

The Sixth Circuit reached exactly the opposite conclusion on this issue and concluded that a chapter 7 trustee is a party in interest within the meaning of rule 4007(c). *See, Brady v. McAllister (In re Brady),* 101 F.3d 1165, 1169–1171 (6th Cir. 1996). In *Brady,* the chapter 7 trustee obtained an order that provided: "... the Trustee in bankruptcy for James A. Brady shall, on behalf of the estate and all secured and unsecured creditors of the estate, have through and including October 21, 1992 in which to file non-dischargeability complaints in the aforesaid case." *Id.* at 1167. A creditor relied on this order and filed a complaint on October 20, 1992 and an amended complaint on October 21, 1992. *Id.* The debtor moved to dismiss the amended complaint on grounds of untimeliness, but the bankruptcy court interpreted its prior order as extending the time for creditor complaints based on nondischargeability under section 523 and denied the motion. *Id.* The bankruptcy court eventually tried the matter and found for the creditor on the merits. *Id.* at 1168. The debtor appealed on the timeliness issue as well as the merits, the district court affirmed, and the debtor again appealed on the same grounds. *Id.*

When considering the timeliness of the creditor's complaint,[4] the Sixth Circuit focused first on wording differences between rule 4007(a), which provides that debtors and creditors may file complaints objecting to the discharge of a creditor's claim, and 4007(c), which allows any party in interest to seek an extension of the time to file the complaint. The Sixth Circuit concluded that the chapter 7 trustee's inability to file a nondischargeability complaint was not dispositive of the issue, as rule 4007(c) expressly provides for potential extension motions by parties not entitled to file such a complaint. *Id.* at 1170.

---

**3.** The Fourth Circuit's language could be clearer as to its economic interest analysis. Another circuit court claims that the *Farmer* decision is flawed because the Fourth Circuit relied on an incorrect determination that nondischargeable claims must be paid exclusively from non-estate assets. *In re Brady,* 101 F.3d 1165,1170 (6th Cir.1996). This Court, after carefully reading *Farmer,* finds such error unlikely, and, instead, concludes that the Fourth Circuit was correctly referring to the portion of a nondischargeable claim paid exclusively from non-estate assets after the chapter 7 trustee fulfills his statutory obligations to liquidate and distribute estate assets to creditors under section 726.

**4.** The Sixth Circuit previously disposed of the debtor's argument that the order did not grant an extension to creditors because its plain intent granted an extension only to the trustee. The circuit court acknowledged that the order's language was somewhat ambiguous, but declined to contradict the bankruptcy court's interpretation of its own order. *Brady,* 101 F.3d at 1169.

The Sixth Circuit next read the *Farmer* decision as stating that a trustee lacks an economic interest because nondischargeable debt is paid exclusively from non-estate assets. *Id.* As noted above in footnote 3, this Court does not believe that the *Farmer* court based its economic interest analysis on this erroneous assumption, but, in any event, the *Brady* court correctly stated that a creditor holding a nondischargeable claim receives a pro rata distribution through the chapter 7 trustee and from estate assets to the extent available. *Id.*

Finally, the Sixth Circuit noted that administrative problems could arise if a chapter 7 trustee does not have party-in-interest standing to seek extensions under rule 4007(c) for the benefit of all creditors. *Id.* at 1170–1171. It focused on the hypothetical situation where hundreds or even thousands of creditors have been defrauded and speculated that extension requests would present an unreasonably time-consuming and confusing burden for all unless a chapter 7 trustee can seek an extension on behalf of all creditors. *Id.* at 1171. It concluded by noting that standing is suggested by the trustee's duty under section 704(a)(4) to investigate the financial affairs of the debtor. *Id.*

**C. Party In Interest Status For Rule 4007(c) Purposes Correctly Requires An Ability To File A Complaint Objecting To Discharge Of The Claim At Issue, An Economic Interest In The Outcome Of The Nondischargeability Action, Or Other Evidence That A Party Will Be Affected By The Nondischargeability Action.**

 The Bankruptcy Code utilizes the term "party in interest" in multiple places, but never provides a precise definition. This lack of precision is intentional as indicated by the legislative history:

"Rules of bankruptcy procedure or court decisions will determine who is a party in interest for the particular purposes of the provision in question." *In re River Bend–Oxford Assoc.*, 114 B.R. 111, 113 (Bankr. D.Md.1990) [quoting Senator DeConcini, 124 Cong. Rec. S17407 (daily ed. Oct. 6, 1978); *and see* 124 Cong. Rec. H11090 (daily ed. Sept. 28, 1979)]. Thus, in the context of a bankruptcy, "party in interest" is: "an expandable concept depending on the particular factual context in which it is applied. The purpose is to permit the involvement of those persons in interest which will be affected by the reorganization process." *In re River Bend–Oxford Assoc.*, 114 B.R. at 113 (internal citations omitted).

Consistently, the concept of party in interest in connection with a bankruptcy has also been described as: "an elastic and broad one designed to give a Court great latitude to insure fair representation of all constituencies impacted in any significant way by [a bankruptcy]." *In re Johns–Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y.1984); *and see, Public Service Co. of New Hampshire,* 88 B.R. 546, 550–51, 555–57 (D.N.H.1988). The flexibility inherent in the legislative history of the Bankruptcy Code and cases interpreting the Bankruptcy Code is echoed by Black's Law Dictionary which defines "party" and concludes that: "all [non-parties] who may be affected by the suit, indirectly or consequently, are persons interested but not parties." *Black's Law Dictionary* 1010 (5th ed. 1979).

Thus, courts considering party-in-interest status in connection with various bankruptcy related issues have identified relevant factors as: a practical stake in the outcome [*In re Amatex Corp.*, 755 F.2d 1034, 1041–42 (3rd Cir.1985)]; an actual pecuniary interest in the case [*Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703,

706 (8th Cir.1979) (an Act case) ]; a pecuniary interest and practical stake [*Brown v. Sobczak (In re Sobczak),* 369 B.R. 512, 518 (9th Cir. BAP 2007) ]; and impact in any significant way [*In re Johns–Manville Corp.,* 36 B.R. 743, 754 (Bankr.S.D.N.Y. 1984) ]. And this finding may be situational and decided on a case-by-cases basis. *See In re DeLash,* 260 B.R. 4, 8 (Bankr. E.D.Cal.2000) (former trustee has party-in-interest status in connection with motion seeking to reopen case only if he has a personal stake in the relief to be sought once case is reopened).

While the lack of a precise definition of party in interest provides the Court with some latitude, this latitude is far from unlimited. The Court must still find that the nondischargeability complaint has an effect on the chapter 7 trustee or the chapter 7 estate. Here, the Court concludes, as did the *Farmer* Court, that the definition of party in interest generally cannot be expanded to include a chapter 7 trustee in the context of a nondischargeability action under section 523 and the related extension of time to file such an action under rule 4007(c). The Court also determines that the unique facts of this case do not require a different result.

### 1. A Chapter 7 Trustee Is Not Empowered To Initiate An Objection To The Dischargeability Of A Creditor's Claim.

Section 704 authorizes a chapter 7 trustee to take numerous actions, but it does not authorize a trustee to bring a nondischargeability action on behalf of an individual creditor. Rule 4007(a) is consistent and allows the filing of such complaints only by a debtor or a creditor. In contrast, the Bankruptcy Code specifically authorizes a chapter 7 trustee to file an action opposing the discharge of the debtor. 11 U.S.C. § 704(a)(6). This authoriza-

tion is entirely consistent with the chapter 7 trustee's fiduciary duty to all creditors, as all creditors benefit equally from a discharge denial. In contrast, the initiation of a nondischargeability action usually benefits only the creditor holding the allegedly nondischargeable claim. Thus, the chapter 7 trustee is not a party in interest within the meaning of rule 4007(c) based on an ability to initiate an action under section 523.

The Court acknowledges, however, that the inability to file a complaint is not dispositive as to party-in-interest status. As a result, the Court must determine whether a nondischargeability action as a general matter will have an effect on all chapter 7 trustees and/or chapter 7 estates or whether, under the unique facts of this case, Ms. Markovich's nondischargeability action will have an effect on the Trustee or this chapter 7 estate.

### 2. A Chapter 7 Trustee's Duties Under Section 704 Do Not Establish Party–In–Interest Standing Under Rule 4007(c) As A General Matter.

Section 704 sets forth the duties of a chapter 7 trustee and also limits his powers. *In re Benny,* 29 B.R. 754, 760 (N.D.Cal.1983). As discussed above, these duties include the initiation of objections to discharge. In addition, the chapter 7 trustee has a duty to collect and reduce to money property of the estate and to close such estate as expeditiously as possible. 11 U.S.C. § 704(a)(1). Property of the estate is defined in section 541 and, with narrow exception, consists of assets that exist as of the commencement of the bankruptcy. Thus, the chapter 7 trustee's duties and his powers do not extend to collection and liquidation of non-estate assets. Finally, among other things, a chapter 7 trustee has a duty to investigate the financial affairs of the debtor. And simi-

larly, the chapter 7 trustee's duty and power to investigate post-bankruptcy financial matters is limited. At least one treatise describes the investigation as to financial affairs as being limited to: "... the extent necessary to determine whether the debtor has accurately completed the schedules and statement of financial affairs." 6 Collier on Bankruptcy ¶ 704.01 (15th ed. rev.).

In contrast, a creditor holding a nondischargeable claim may recover payment from two sources. First, the creditor is entitled to a pro rata payment from estate assets notwithstanding the nondischargeable nature of the claim. *See* 11 U.S.C. § 726(a). As to this payment, the interests of the creditor and the chapter 7 trustee are in concert. And this payment will be neither increased nor decreased as the result of the nondischargeability action. In addition, this creditor, unlike those creditors whose claims are subject to discharge, may seek to recover the claim from non-estate assets. And, the chapter 7 trustee typically takes no part in this portion of a creditor's collection actions.

■ The *Brady* court suggests that the chapter 7 trustee's general obligation to investigate the debtor's financial affairs is sufficient to establish party-in-interest status. This Court disagrees. First, the general purpose of such investigation is to amass information helpful to all creditors. The chapter 7 trustee has neither the duty nor the right to conduct an investigation designed only to aid a creditor in its individual nondischargeability action. True, a chapter 7 trustee's investigation may uncover information helpful to such a creditor's action. But this is incidental to the proper purpose of the chapter 7 trustee's investigatory efforts and falls short of the joint interest necessary to create party-in-interest status. Indeed, litigation involving a party in one action often may yield information through discovery, testimony, or judicial determination that is critical to a party pursuing a separate action, but this does not make the party obtaining the discovery, testimony, or judgment in the first action a "party in interest" in connection with the second action (or *vice versa*).

■ Even where section 704 expressly provides the chapter 7 trustee with the duty and power to take an action, he must exercise his power and fulfill his duties with an eye toward the best interest of all creditors. And where he fails to do so, he correctly may be criticized. *In re Riverside–Linden Inv. Co.*, 925 F.2d 320, 322 (9th Cir.1991) (notwithstanding that section 704(a)(5) allows trustee to object to claims, compensation for investigation properly denied where debtor solvent, creditors will not benefit, and debtor's owners do not support the action).

■ Thus, the power to investigate must be undertaken with a view towards the trustee's paramount responsibility—to close the estate as expeditiously as possible and with the best interest of all creditors in mind. *In re Riverside–Linden Inv. Co.*, 85 B.R. 107, 111 (Bankr.S.D.Cal.1988), aff'd 925 F.2d 320 (9th Cir.1991). This duty does not allow for a sidetrip to investigate matters that concern only a creditor holding an allegedly nondischargeable claim; and a chapter 7 trustee who undertakes such investigation is subject to question and possible compensation denial.

Similarly, the suggestion of the *Brady* court that the trustee's general obligation to maximize value for creditors makes it a party in interest in connection with nondischargeability actions ignores the specific limiting language of section 704 and suggests a role for a chapter 7 trustee not contemplated by the Bankruptcy Code. A chapter 7 trustee has neither the obligation nor the right to seek recovery on

such claims from non-estate assets or with preference to other creditors as to estate assets.

Here, there is no evidence that the Trustee's general duties under section 704 make her a party in interest as to Ms. Markovich's nondischargeability action. The Trustee had a reasonable concern that all creditors were negatively impacted by the delay in the 341a process. This concern well justified her motion seeking an extension of the deadline for objecting to discharge on behalf of all creditors. But this concern does not make her a party in interest as to Ms. Markovich's nondischargeability action as there is no evidence that it will have any affect whatsoever on the Trustee, the Debtor's estate, or other creditors.[5]

### 3. A Chapter 7 Trustee Generally Lacks An Economic Interest In Nondischargeability Actions, And The Trustee, Similarly, Lacks An Economic Interest Under The Facts Of This Case.

This Court does not read *Farmer* as narrowly as did the Sixth Circuit. To the extent the *Farmer* court found that a creditor holding a claim successfully excepted from discharge on the basis of a section 523 nondischargeability challenge is paid exclusively from non-estate assets, the *Farmer* court was clearly incorrect. The Court concludes, however, that Farmer can easily be read as correctly stating the law. To the extent the *Farmer* court concluded that the benefit of a nondischargeability finding is that the claim can be paid from non-estate assets, the Fourth Circuit was entirely correct. Indeed, it is this

benefit that distinguishes a nondischargeable claim from all others.

■ As discussed above, the chapter 7 trustee has a duty to muster estate assets, to liquidate the same, and to distribute them on behalf of all creditors including those holding nondischargeable claims. The chapter 7 trustee, however, has no obligation whatsoever to assist a creditor holding a nondischargeable claim in collecting this claim from non-estate assets. Put another way, a finding on nondischargeability does not enhance the rights of a creditor vis-a-vis the estate and its assets, but does provide the creditor with an opportunity to proceed against assets not available to the chapter 7 trustee. And this distinction is critical here, as it makes clear that the chapter 7 trustee as a general matter lacks an economic interest in a creditor's nondischargeability action. Thus, a chapter 7 trustee generally is not a party in interest in connection with each individual creditor's objection to dischargeability of its particular claim based on a shared economic interest.

A review of the specific facts of this case does not yield a different result. There is no evidence that either the Trustee or this estate will be impacted or affected in any way, economic or otherwise, if Ms. Markovich brings her nondischargeability action.

### D. The Use Of Different Language In Rule 4007(a) And 4007(c) Does Not Suggest A Different Result As A General Matter Or Under The Facts Of This Case.

The Court also finds that the language differences between subsections (a) and (c) of rule 4007 do not justify a general finding of party-in-interest standing by a chap-

---

**5.** And, indeed, it is not clear that the Trustee's generalized delay-based concern is even relevant to Ms. Markovich's nondischargeability claim. There is no evidence that this delay in

any way impeded Ms. Markovich's ability to initiate a nondischargeability action or to appropriately prosecute her nondischargeability claim.

ter 7 trustee. It is possible that under a unique set of facts a chapter 7 trustee or other third party could have the requisite financial or other interest making it a party in interest as to a specific creditor's claim and supporting it in seeking an extension of time for an individual creditor. *See, In re Overmyer,* 24 B.R. 437, 440–441 (Bankr.S.D.N.Y.1982) (parent has party-in-interest status as to nondischargeability claim of its wholly owned subsidiary based on a shared economic interest). For example, if a creditor agreed to share the proceeds of collections on account of a nondischargeable claim from post-petition collections the requisite standing could exist.

The Sixth Circuit suggests that the difference in language is rendered inapposite unless chapter 7 trustees have party-in-interest standing, but this reasoning ignores the fact that a chapter 7 trustee is not the only potential "other party in interest." Thus, the broader language of rule 4007(c) is not rendered mere surplusage if chapter 7 trustees generally do not have party-in-interest status in such cases. Under the unique facts of a specific case a party other than a debtor or a creditor may be a party in interest for purposes of rule 4007(c) based on shared economic interest or other evidence that the nondischargeability action will have impact on its rights and interests. The facts of a specific case may make a chapter 7 trustee a party in interest; but this possibility does not make a chapter 7 trustee a party in interest in all cases. And there is no evidence that the Trustee is a party in interest for rule 4007(c) purposes under the unique facts of this case.

### E. The Policy Concerns Raised By The *Brady* Court Do Not Justify A Different Result Generally Or In This Case.

The Sixth Circuit raises the legitimate point that allowing the chapter 7 trustee to seek an extension of the rule 4007(c) deadline would be beneficial to creditors—particularly in cases involving debtors who perpetrated massive frauds. This Court agrees. Rule 4007(c), however, does not expressly allow chapter 7 trustees to file rule 4007(c) extension requests and limits the right to seek an extension to "parties in interest." The convenience to the estate does not justify an extension of rule 4007(c) beyond its clear language. In any event, even if in a mass fraud case the specific facts could render a chapter 7 trustee a party in interest within the meaning of rule 4007(c), this is not generally true of all chapter 7 cases, and, again, it certainly is not true under the facts of this case.

### F. The More Limited Interpretation Of Party–In–Interest Status For Rule 4007 Purposes Is Consistent With An Appropriately Strict Interpretation Of Rule 4007 Deadlines.

The limitations period as to section 523(c) actions is strictly construed. *Herndon v. De la Cruz (In re De la Cruz),* 176 B.R. 19, 22 (9th Cir. BAP 1994). Thus, the burden on the creditor under rule 4007 is a heavy one and excusable neglect does not justify enlargement of the time to file an action and allow recourse to the more general and flexible enlargement standards of rule 9006. *Id.; see also, Jones v. Hill (In re Hill),* 811 F.2d 484, 487 (9th Cir.1987); *and Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1008–1009 (9th Cir.BAP 1990). Here, the Court's analysis of party-in-interest status under rule 4007(c) is consistent with the long standing view in this Circuit that the enlargement of the time to file a nondischargeability action should not be allowed absent strict compliance with this rule. Thus, as Ms. Markovich received prompt

and appropriate notice of the Complaint Bar Date, it would be inappropriate to allow her an extension not justified by a timely extension request.

## CONCLUSION

The Court is well aware that under the facts of this particular case Ms. Markovich may lose a right to bring a meritorious objection to dischargeability of her claim. The Court acknowledges the potentially compelling nature of her case. However, the deadlines set forth in rule 4007 must be appropriately applied. And further, the existence of these facts, compelling though they might well be, does not justify the Court from deviating from what it believes to be sound statutory analysis.[6] Therefore, based on the foregoing, the Court concludes that the Extension Motion must be denied to the extent it seeks to extend the rule 4007(c) deadline.

The Trustee must promptly submit an order consistent with this ruling.

---

6. The Court notes that the Trustee and all creditors have retained the right to object to discharge. If a discharge objection is suc-cessful, then the need to separately seek dis-chargeability of individual debt is, of course, moot.