### In re MISSISSIPPI SPORTS AND RECREATION, INC., Debtor.

#### No. 10–17601–11.

United States Bankruptcy Court, W.D. Wisconsin.

June 8, 2012.

Galen W. Pittman, Esq., Galen W. Pittman, S.C., La Crosse, WI, for Debtor.

F. Mark Bromley, Esq., Wisconsin Department of Justice, Madison, WI, for Wisconsin Department of Natural Resources.

## ORDER

THOMAS S. UTSCHIG, Bankruptcy Judge.

On April 25, 2012, the Wisconsin Department of Natural Resources filed a motion to dismiss this case. The Court considered the motion on May 22, 2012, in conjunction with the hearing on confirmation of the debtor's proposed chapter 11 plan.[1] The basic issue raised by the DNR is one of timing. The case was filed on October 15, 2010. The petition designated the debtor as a "small business debtor," which makes this a "small business case" within the meaning of 11 U.S.C. § 101(51C). Congress visualized that such cases should proceed quickly to confirmation. Small business debtors are required to file a plan within 300 days of the filing. See 11 U.S.C. § 1121(e)(2). The code anticipates that the plan will be confirmed within 45 days after it is filed. See 11 U.S.C. § 1129(e).

Both deadlines may be extended upon a finding that it is "more likely than not that the court will confirm a plan within a reasonable period of time." See 11 U.S.C. § 1121(e)(3)(A). The code requires that a new deadline be imposed at the time the extension is granted and that the order extending time be "signed" before the existing deadline has expired. See 11 U.S.C. § 1121(e)(3)(B) and (C). As the DNR notes in its brief in support of its motion to dismiss, many attorneys now routinely file motions to extend time when they file their plans of reorganization, a process which adds additional paperwork but may not produce much additional efficiency. The DNR appears to suggest that the code requires such tactics to assure that if the plan is not yet ready for confirmation, the court can extend the time for confirmation, set a new deadline, and sign the order before the existing deadline passes.

■ In this case, the 300–day deadline for filing of a plan was August 11, 2011. The debtor filed its plan on August 1. On August 10, 2011, the Court conditionally approved the disclosure statement. A telephonic conference on approval of the disclosure statement and confirmation of the plan was scheduled for September 15, 2011, which was 45 days after the filing of

---

1. The DNR filed a notice of appeal on June 1, 2012, which referenced an "order" of May 22, 2012. Although the Court announced its decision on May 22 by orally denying the motion, at the close of the hearing the debtor's attorney was directed to submit a proposed order. Under Fed. R. Bankr.P. 8002(a), "a notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry." The notice of appeal shall be treated as filed after entry of this order, which is entered in lieu of any proposed submission by the debtor.

the plan. On that date, the plan was not confirmed. The debtor acknowledges that no motion to extend confirmation was filed. The Court did not enter a formal order extending a new deadline for confirmation. On the docket, the Court's proceeding memo indicates that the matter of confirmation was scheduled forward for a conference on November 10, 2011.[2] On November 10, the Court conducted the scheduling conference and the matter was adjourned to January 12, 2012. Additional telephone conferences were held on January 12, February 23, March 7, and March 15. The matter was heard in person in La Crosse on April 24. Confirmation was again adjourned one final time, until May 22. At that hearing, the Court considered the DNR's motion (which was filed *after* the April 24 hearing) and ultimately approved confirmation of the debtor's proposed plan. In each instance, the adjourned date for consideration of confirmation was set during the relevant conference or hearing, the parties were notified of the new time, and the new time was noted on the docket immediately afterward. The primary reason for the delays was that the debtor sought to sell certain property and resolve various environmental violations.

The DNR acknowledges that the plan was filed in a timely fashion. The initial confirmation hearing was also scheduled in conformity to the statute. However, the DNR contends that the debtor failed to comply with the statutory requirements for a subsequent extension of the deadline for confirmation, and that this failure mandates dismissal of the case. It suggests that no extension order could be entered unless the debtor provided prior notice to all creditors and also offered up evidentia-

ry proof that future confirmation was likely. The motion raises various questions about the requirements of § 1121(e)(3) in terms of notice, the statute's evidentiary requirements, and the form of any order memorializing an extension.

While the DNR suggests that the statute requires a motion and notice to all creditors, the actual text is that the debtor provide "notice to parties in interest." The phrase "parties in interest" is utilized throughout the code but is never precisely defined. This lack of definition was intentional, as Congress contemplated that the circumstances would dictate who the parties in interest are for the particular purpose or provision in question. *In re Owen–Moore*, 435 B.R. 685, 690 (Bankr. S.D.Cal.2010). Meanwhile, under 11 U.S.C. § 102(1), the phrase "after notice and a hearing" or the like means "after such notice as is appropriate in the particular circumstances." All creditors were notified of the original confirmation hearing. Those parties who wished to participate in the process were advised that the debtor sought additional time to resolve outstanding issues regarding the potential sale of real estate and the resolution of various environmental disputes. They were also given the opportunity to raise any concerns regarding the delay.

As the debtor notes, the adjournment of the confirmation hearing was done with the agreement (or at least the acquiescence) of the participating parties, as there was no objection to the requests. In one recent case, the court denied a motion to dismiss brought on similar grounds and observed:

> If the Court were to hold that a small business debtor's case must be dismissed simply because it is not con-

**2.** This docket entry was made on September 15, the same date as the conference on disclo-

sure and confirmation.

firmed within 45 days under the recited circumstances in this case (including the belatedness of the UST in raising the issue and/or not objecting to adjournments or proceedings scheduled for date(s) beyond the statutory limits now being asserted), the debtors in such cases would have little, if any, time to deal with any objections to confirmation and the statutory scheme would be frustrated and rendered impractical, requiring dismissals and re-filings for no particular reason. *In re Maxx Towing, Inc.*, No. 09–70719, 2011 WL 3267937, at *4 (Bankr.E.D.Mich. 2011). This Court shares these reservations. The notion that a debtor must routinely file a motion to extend time for confirmation *with* its plan produces less efficiency rather than more. In an age of electronic docketing and court use of "virtual" orders for routine, uncontested matters, the reality is that the adjournments were in fact handled prior to the expiration of the existing deadline whether a physical order was "signed" or not.

While the statute indicates that the debtor is supposed to "demonstrate" that confirmation is more than likely to ultimately occur, in the absence of an objection such a factual finding is based more upon an offer of proof than an actual evidentiary hearing. Nothing in the code requires the court to memorialize these findings in an order, especially where no party opposes the relief requested by the debtor. And the *Maxx Towing* court's primary concern—that debtors would be left with little time to actually resolve objections to confirmation—is illustrated in this case by the fact that the DNR's own objection to the plan was filed all of three days before the scheduled confirmation hearing. Further, the statute "does not require that a debtor *file* a motion to extend the confirmation deadline; rather, the Code merely insists that the debtor demonstrate that

the court will be able to confirm a plan." *Bertram Communications LLC v. Netwurx, Inc.*, No. 09–CV–1037, 2009 WL 3809800, at *3 (E.D.Wis.2009) (emphasis in original).

One of the reasons for the statutory deadlines is to make small business cases move quickly. Speed often benefits both creditors and the debtor in that delay often only increases cost. Chapter 11 is not supposed to be a parking lot for debtors; it is supposed to be a vehicle for reorganization. But part of that process requires recognizing certain debtors need more time to accomplish their financial restructuring. While the debtor did not file a formal motion requesting an extension of time, the notice of the request to adjourn was sufficient under the circumstances as the parties were afforded the opportunity to oppose the request. That is not to say that every adjournment request is granted simply because there is no opposition; instead, it is to say that absent opposition the Court will permit a small business debtor more time to reorganize when it appears progress is being made and confirmation is likely.

The code contemplates that the court will take an active role in moving small business cases swiftly through the system given the perception that they are the "least likely to reorganize successfully." *See In re Darby Gen. Contr., Inc.*, 410 B.R. 136, 143 (Bankr.E.D.N.Y.2009). Court oversight encourages progress. For example, it is this Court's practice to conduct a status conference with small business debtors well *in advance* of the 300–day deadline to determine when a plan will be filed. In this case, that hearing was held on May 24, 2011. Pursuant to this Court's own order, the plan and disclosure statement were due July 31, a few weeks before the deadline (which is likely why

they were filed on August 1). In each instance, the adjournments of the confirmation hearing took place with the Court's permission and without opposition by any other party. This Court is not in the habit of permitting debtors to retain the indefinite protection of chapter 11 based upon vague promises or "pie in the sky."[3] In general, *every* continuance this Court grants is premised upon either the consent of the parties or the idea that it will assist in producing a successful resolution (which, in the context of a chapter 11 plan, contemplates that the debtor is likely to confirm a plan in the near future).[4]

In this case, the plan was filed within the statutory deadline, and the original confirmation hearing was held within the required 45–day timeline. The subsequent "extensions" or adjournments occurred without opposition by the DNR or other parties in interest. The DNR's silence does not automatically signify consent, but the statute does not require the consent of creditors. It merely contemplates that all necessary parties know of the proposed action and are given an opportunity to participate. *See In re DeCelis,* 349 B.R. 465, 468–69 (Bankr.E.D.Va.2006) (discussing the distinction between the code's notice requirements and specific situations in which a creditor's "consent" is required). Given the frequent conferences with the Court, the DNR and other participating parties were fully apprised of the debtor's progress and any adjournments of the confirmation hearing.

The DNR waited more than six months to raise this issue and essentially hopes to defeat the debtor's reorganization based upon a technicality. In the August 10, 2011, order which set the original confirmation date, the court ordered that any objections to approval of the disclosure statement and/or confirmation "shall be filed at least seven (7) days prior to the confirmation hearing." As indicated previously, the DNR's objection to the plan was filed on September 12, only *three* days before the hearing. Deadlines, of course, may be waived, and the debtor did not protest that the DNR's objection was untimely. The same may be said of the DNR's repeated acquiescence to the adjournments of confirmation. *See Bertram Comm.,* 2009 WL 3809800, at *3 n. 7 (creditor waived its argument "by repeatedly failing to raise the issue of the tardiness of the debtor's plan").

■ Based upon the foregoing, the Court finds sufficient compliance with § 1121(e)(3). The statute does not require the filing of a motion, but simply that the debtor give notice to parties in interest which is sufficient under the particular circumstances. In this case, parties in interest received notice of the debtor's desire to adjourn the confirmation hearing at the time of the hearing and did not raise any opposition. The adjournments were granted based upon representations that progress was being made toward reorgani-

---

**3.** Chapter 11 reorganization proposals often feature tight budgets and generous projections of future profits. Perhaps "pie in the sky" is best defined this way: "If an idea or scheme is pie in the sky, it is utterly impractical." *See* "Pie in the sky—Idiom Definition," http://www.usingenglish.com/reference/idioms/pie+in+the+sky.html (last accessed June 6, 2012). It may also be described as a "preposterously optimistic goal." *See* "Pie in the Sky," http://dictionary.reference.com/browse/pie+in+the+sky (last accessed June 6, 2012).

**4.** Admittedly, there is another category of continuance: the emergency. Illness, the death of a family member, or other unforeseen events may also result in continuances. Any non-emergency adjournment, however, is based upon the understanding that additional time is likely (though not guaranteed) to produce more than mere delay.

zation; again, no party in interest opposed the requests or indicated that the delay was unreasonable. The extensions were approved during the relevant conferences or hearings and memorialized on the docket. The record reflects that the Court has maintained an active role in the prosecution of this case and that parties in interest have been apprised of all requests for adjournments, which after all is one purpose of the statute. Even if the debtor could be faulted for technical noncompliance with the statute (much as the DNR could have been chastised for a tardy objection to the plan), dismissal will not benefit either the estate or creditors.

Accordingly,

IT IS ORDERED that the DNR's motion to dismiss is denied.